IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., | 1:09cv0984 LJO DLB |
| Plaintiff, | FINDINGS AND RECOMMENDATION REGARDING PLAINTIFF'S APPLICATION FOR FOR DEFAULT JUDGMENT |
| vs. | (Document 9) |
| DANIEL MADRIGAL CARRANZA, | |
| Defendants. | |

On October 9, 2009, 2009, Plaintiff Joe Hand Promotions, Inc. ("Plaintiff") filed the present motion for default judgment against Defendant Daniel Madrigal Carranza, individually and dba Hero's Sports Lounge & Pizza Company ("Defendant"). The motion was referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302. The matter was heard on November 13, 2009, before the Honorable Dennis L. Beck, United States Magistrate Judge. Thomas P. Riley appeared telephonically on behalf of Plaintiff. Defendant did not appear.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed the instant action on June 4, 2009, against Defendant. The complaint alleges violations of 47 U.S.C. § 605 and 47 U.S.C. § 553, as well as state law causes of action for conversion and violation of Cal. Bus. & Prof. Code § 17200, et seq. The allegations are based on Defendant's alleged unlawful interception, reception, and exhibition of "Ultimate Fighting

1

1   Championship 85: 'Bedlam'" ("Program"), which was telecast on June 7, 2008.  According to the
2   complaint, Plaintiff was the exclusive nationwide commercial distributor of the Program.
3         The First Cause of Action for violation of 47 U.S.C. § 605 (Unauthorized Publication or Use
4   of Communications) alleges that Defendant knowingly intercepted, received, published, divulged,
5   displayed and/or exhibited the Program for purposes of direct or indirect commercial advantage or
6   private financial gain.  Plaintiff seeks $100,000 in statutory damages and attorneys' fees and costs.
7   The Second Cause of Action for violation of 47 U.S.C. § 553 (Unauthorized Reception of Cable
8   Services) is based upon the same allegations.  Plaintiff requests $50,000 in statutory damages, as well
9   as attorneys' fees and costs.  The Third Cause of Action for conversion alleges that Defendant
10  "tortuously obtained possession" of the Program and wrongfully converted it for his own benefit.
11  Plaintiff alleges that these acts were willful and intentionally designed to harm Plaintiff and subject it
12  to economic distress and financial loss.  Plaintiff seeks compensatory, punitive and exemplary
13  damages, attorneys' fees and costs.  The Fourth Cause of Action alleges a violation of Cal. Bus. &
14  Prof. Code § 17200, et seq., for which Plaintiff seeks restitution, declaratory and injunctive relief.
15        On July 24, 2009, Plaintiff filed a proof of service indicating that Defendant was served on
16  July 15, 2009.  On the third attempt to serve at the business address in Modesto, California,
17  substituted service was made on Christie Schmidt, a co-occupant apparently in charge at the business.
18  Ms. Schmidt was informed of the general nature of the papers and was instructed to deliver them to
19  Defendant.  Copies of the summons and complaint were sent by first-class mail to Defendant on July
20  16, 2009, at his business address.
21        On August 17, 2009, pursuant to Plaintiff's request, the Clerk of the Court entered default as
22  to Defendant.  Plaintiff filed the instant motion for default judgment on October 9, 2009.  Defendant
23  has not filed an opposition or otherwise appeared in the action.

## LEGAL STANDARD

25  Federal Rule of Civil Procedure 55(b)(2) provides:
26      (2)    By the Court.  In all other cases, the party must apply to the court for a default
           judgment.  A default judgment may be entered against a minor or incompetent
27             person only if represented by a general guardian, conservator, or other like
28

fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing. The court may conduct hearings or make referrals–preserving any federal statutory right to a jury trial–when to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter.

"Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true." Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc., 722 F.2d 1319, 1323 (7th Cir. 1983); TeleVideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987). Thus, "[a]t the time of entry of default, the facts alleged by the plaintiff in the complaint are deemed admitted." 10 J. Moore, Moore's Federal Practice § 55.11 (3d ed. 2000).

## DISCUSSION

Pursuant to the proof of service filed with the Court, Defendant was served on July 15, 2009, by substituted service.

Defendant is not an infant or incompetent person, and is not in the military service or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940. Declaration of Thomas P. Riley ¶ 3.

The Clerk entered default as to Defendant on August 17, 2009.

In this instance, Plaintiff requests default judgment and seeks an award limited to violation of 47 U.S.C. § 605. This statute allows for both statutory damages and "enhanced" damages. Section 605(e)(3)(C)(i)(II) permits the aggrieved party to recover "statutory damages for each violation ... in a sum of not less than $1,000.00 or more than $10,000.00." Additionally, § 605(e)(3)(C)(ii) provides that where a violation is "committed willfully and for purposes of ... commercial advantage or private gain," the court may increase the award of damages by an amount of no more than $100,000 for each violation. Plaintiff correctly notes that certain prior cases did not examine the propriety of awarding damages under both § 605 and § 553. See, e.g., J & J Sports Productions, Inc. v. Esquivel, 2008 WL 4657741 (E.D.Cal. 2008) (findings and recommendations). However, as Plaintiff indicates, because there was a satellite observed by the investigator, § 605 appears to be the proper statute for a

3

damages award. See, e.g., DirectTV, Inc. v. Webb, 545 F.3d 837, 844 (9th Cir. 2008) (§ 605 covers airborne communications, including satellite transmissions); Affidavit of Gary Gravelyn, p. 1. Thus, Plaintiff seeks both the maximum statutory damages award ($10,000) and the maximum enhanced damages award ($100,000) pursuant to § 605. Additionally, Plaintiff seeks $1,300.00 for conversion.

Having accepted the well pleaded allegations of the complaint as true, Plaintiff is entitled to judgment based on Defendant's violation of 47 U.S.C. § 605.

Given the size of the establishment at issue (approximate capacity of 250 persons), its location in a relatively urban city,[1] the number of televisions (nine flat LCD televisions and one big screen projector), and the $10.00 cover charge, the Court finds that the violation likely had more than a minimal impact and that Defendant's actions were done wilfully for commercial advantage. Affidavit of Gary Gravelyn, pp. 1-2. Accordingly, the Court finds that an award of $10,000.00 in statutory damages and an additional $90,000.00 in enhanced damages is an appropriate remedy. The total amount both compensates Plaintiff and serves as a deterrent to the acts at issue.

## RECOMMENDATION

Based on the above, the Court RECOMMENDS that judgment be entered in this action against Defendants and RECOMMENDS that damages in the total amount $100,000 be fixed as follows:

1) Statutory damages in the sum of $10,000.00 pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II); and

2) Enhanced damages in the sum of $90,000.00 pursuant to 47 U.S.C. § 605(c)(3)(C)(ii).

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 631 (b)(1)(B) and Rule 305 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty days (plus three days if served by mail) after being served with a copy, any party may serve on opposing counsel and file with the court written objections to such proposed findings and

---

[1] Hero's Sports Lounge & Pizza Company is located in Modesto, California, which has a population of over 200,000 people.

4

1  recommendations.  Such a document should be captioned "Objections to Magistrate Judge's Findings
2  and Recommendations."  Replies to the objections shall be served and filed within ten (10) days (plus
3  three days if served by mail) after service of the objections.  The Court will then review the
4  Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1).

   IT IS SO ORDERED.

   Dated:   **November 23, 2009**                    /s/ Dennis L. Beck
                                          UNITED STATES MAGISTRATE JUDGE

5